# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

ERIC MARTIN                                                                                          PETITIONER

v.                              NO. 2:22-cv-00079 JM-PSH

JOHN P. YATES                                                                                        RESPONDENT

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, petitioner Eric Martin ("Martin") challenges the computation of his federal sentence by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. It is his contention that the Federal Bureau of Prisons ("BOP") is erring by refusing to award him credit on his sentence for a period of time prior to the imposition of the sentence. Specifically, he maintains that he is entitled to credit on his sentence for the period from when he first entered federal custody to when he was sentenced. It is recommended that his petition be dismissed because he is not entitled to credit on his sentence for that period.

The facts giving rise to this case are not in dispute. On August 14, 2017, Martin was sentenced in a Mississippi state trial court to a term of imprisonment in the Mississippi Department of Corrections.

Martin was subsequently charged in a two-count indictment in the United States District Court for the Western District of Tennessee ("Western District of Tennessee"). A writ of habeas corpus ad prosequendum was issued by the Western District of Tennessee, and he was taken into federal custody pursuant to the writ on October 6, 2017, to answer the charges in the federal case.

Martin eventually pleaded guilty to one of the two counts charged in the federal case. On November 29, 2018, he was sentenced to a term of imprisonment in the federal case. The federal sentence was ordered to run concurrent with the previously entered state sentence.

Martin was then returned to state custody. He remained in state custody until early March of 2020, when he was released to federal custody to complete his federal sentence.

Martin thereafter began this case by filing the petition at bar. In his petition, he maintained that the BOP is erring by refusing to award him credit on his federal sentence for the period of time from October 6, 2017, i.e., the date he was taken into federal custody pursuant to the writ of habeas corpus ad prosequendum, to November 28, 2018, i.e., the day before he was sentenced in the federal case.

Respondent John P. Yates ("Yates") filed a response to the petition. In the response, he maintained that the petition should be dismissed. Yates so maintained because Martin has failed to demonstrate that he is entitled to any additional pre-sentence credit.[1]

---

[1] Yates represents, and the undersigned accepts, that "Martin has exhausted his administrative remedies with regard to his claim for presentence credit." See Docket Entry 4 at CM/ECF 2.

Martin subsequently filed a reply in which he addressed Yates' assertion.

Here, the BOP is computing Martin's federal sentence as having commenced on November 29, 2018, even though he was subsequently returned to the custody of Mississippi authorites and remained in their custody for approximately sixteen months before being released to federal custody to complete his federal sentence. By computing his federal sentence as having commenced on November 29, 2018, the BOP is giving effect to the federal trial court's order that the sentence run concurrent with the previously entered state sentence. The only question is whether the BOP is erring by refusing to award Martin credit on his federal sentence for the period of time from October 6, 2017, to November 28, 2018. For the reason that follows, the BOP's computation of his federal sentence is reasonable and acceptable.

"18 U.S.C. 3585(b) allows for 'prior custody credits' for time spent in official detention before a federal sentence commences, but not for time that has been credited against another sentence." See Allen v. Hendrix, No. 2:19-cv-00081-DPM-JTR, 2020 WL 2393675, 5 (E.D.Ark. Apr. 16, 2020), report and recommendation adopted, No. 2:19-cv-00081-DPM, 2020 WL 2374778 (E.D.Ark. May 11, 2020).[2] Although the period of time from

---

[2] The Attorney General, through the BOP, has the responsibility for computing a sentencing credit under 18 U.S.C. 3585(b). See United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006).

October 6, 2017, to November 28, 2018, was undoubtedly credited toward Martin's state sentence, and he is not entitled to credit for the same period on his federal sentence, the record does not conclusively establish that fact. Notwithstanding that lack of clarity, he is not entitled to credit on his federal sentence for the period because he was not in exclusive federal custody from October 6, 2017, to November 28, 2018.

When a prisoner is under the primary jurisdiction of a state but his physical custody is transferred to federal authorities pursuant to a writ of habeas corpus ad prosequendum, he remains under the "'primary jurisdiction' of the state and is deemed to be 'on loan' to or 'borrowed' by federal authorities." See Allen v. Hendrix, 2020 WL 2393675 at 4 (citing Elwell v. Fisher, 716 F.3d 477, 482 (8th Cir. 2013)).[3] When federal authorities gain physical custody of him by such means, "the transfer of 'physical control' over the prisoner does not 'terminate' the state's primary jurisdiction." See Allen v. Hendrix, 2020 WL 2393675, 4 (citing Elwell v. Fisher, 716 F.3d at 482) (emphasis in original).

---

[3] "'As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person.' United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail; (2) dismissal of the charges; (3) parole of the prisoner; or (4) expiration of the sentence. Elwell v. Fisher, 716 F.3d 477, 481 (8th Cir. 2013) (quoting Cole, 416 F.3d at 897)." See Allen v. Hendrix, 2020 WL 2393675, 4.

Here, although Martin was clearly housed by federal authorities during the period from October 6, 2017, to November 28, 2018, he was not in official federal detention. Instead, he remained under the "primary jurisdiction" of the State of Mississippi and was merely "on loan" to federal authorites. The writ of habeas corpus ad prosequendum did not alter his custody status; it merely changed the location of his custody. See Munz v. Michael, 28 F.3d 795 (8th Cir. 1994). Because he was not in exclusive federal custody during the period from October 6, 2017, to November 28, 2018, he is not entitled to credit on his federal sentence for that period of time.

Accordingly, the BOP is computing Martin's federal sentence in a reasonable and acceptable manner. His petition warrants no relief, and it is recommended that it be dismissed with prejudice. All requested relief should be denied, and judgment should be entered for Yates.

DATED this 17th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE